## Commonwealth ex rel. Eichelberger, Appellant, *v.* Maroney.

Submitted November 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*John Eichelberger,* appellant, in propria persona.

*James F. Malone, Jr.,* District Attorney, and *Albert A. Fiok,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., January 14, 1955:

The defendant John Eichelberger was charged with three separate offenses of armed robbery at Nos. 72, 73 and 77 January Sessions in the Court of Oyer and Terminer of Allegheny County. In the quarter sessions at No. 429 April Sessions, 1952, he was charged with prison breach following his escape from the Allegheny County jail, while awaiting disposition of the above felony charges. The court records show that true bills were returned by the grand jury on January 14, 1952 on the three indictments charging armed robbery. On each of the indictments there is an endorsement to that effect signed by the foreman of the grand jury. As to the above charge of prison breach the defendant signed in the presence of an attesting witness;

a waiver in the following form: "I, John Eichelberger defendant above named, by virtue of the right granted me under the provisions of the Act of General Assembly of 1939, entitled Act No. 228, approved June 15th, 1939, do hereby waive an indictment by Grand Jury, and do now notify the District Attorney of Allegheny County of such waiver, and request that a District Attorney's Bill of Indictment be prepared by the District Attorney in order that I may forthwith enter my plea to said Bill." And on April 21, 1952, the defendant in open court pleaded guilty to the charge by endorsement on the indictment to that effect, signed by him. The record as to defendant's plea of guilty in writing is verified by the "Minute Clerk" of the court. He in like manner pleaded guilty in writing to armed robbery on Bills 72 and 73. In a non-jury trial he was found guilty on Bill 77.

On May 2, 1952, the defendant on his conviction by plea of guilty, was sentenced by Judge RALPH T. BELL on Bill 72 to a term of imprisonment in the Allegheny County Workhouse of from 7½ to 20 years, effective as of February 18, 1952. Similarly, on Bill 429 he was sentenced to 2 years imprisonment to take effect at the expiration of the above sentence imposed on Bill 72. Sentences on Bills 73 and 77 were suspended. As defendant was leaving the court room on May 2, 1952, after the above sentences were imposed he was heard to vilify the sentencing judge and to state in effect that on his next appearance in court he would be charged with murder. He then was immediately returned to the sentencing court and was confronted with the statements he had made. He did not deny them, whereupon the court immediately revoked the sentences which had been imposed and resentenced the defendant on Bills 72, 73 and 77 to consecutive terms of from 10 to 20 years each, in the Western State Peni-

tentiary. The sentence on Bill 429 was amended to take effect at the expiration of the new sentence on Bill 77.

On defendant's petition for habeas corpus a rule was granted returnable December 28, 1953. Competent counsel was appointed to represent him in the proceeding, who, at the hearing on the rule, held on the above date, stated that the only questions presented were of law and that no factual issues were involved. Accordingly relator was not ordered to be produced at the hearing and no testimony was taken. After hearing the court discharged the rule and dismissed the petition. The record in the courts of oyer and terminer and quarter sessions including the original indictments are properly before us. *Com. ex rel. Velos v. Tees,* 175 Pa. Superior Ct. 297, 104 A. 2d 339. And from a consideration of the proceedings on the above charges we agree with the lower court and with counsel who represented defendant at the argument on the rule that only questions of law are involved. Since the petition did not raise factual questions, no hearing for the taking of testimony was necessary. *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A. 2d 206.

Contrary to defendant's contention, as indicated by the record of the criminal court the grand jury *did* return a true bill on indictment at 77 January Sessions 1952 upon which he was convicted after trial. And similarly, in the face of the record it is idle for him to contend in this appeal that he was improperly sentenced on 429 April Sessions 1952 because the indictment for prison breach was not submitted to a grand jury. As above noted he had waived action by the grand jury and he entered his plea of guilty on the indictment, all in accordance with the Act of April 15, 1907, P. L. 62, as amended by the Act of June 15,

1939, P. L. 400, 19 PS §241. Cf. *Com. ex rel. Finan v. Ashe, Warden,* 143 Pa. Superior Ct. 471, 18 A. 2d 328. In the light of the court records of the criminal cases defendant's criticism of the indictments on other grounds, which are purely formal, must also be regarded as captious and wholly without merit.

Appellant's principal contention is that the sentences and "the manner in which such sentences are to be served are illegal and contrary to law." While he, as appellant, is not specific in his complaint, we understand that he refers to the revocation of the sentences originally imposed and the court's action in resentencing him to terms of imprisonment which greatly increase the punishment originally imposed. The maximum penalty for armed robbery is imprisonment not exceeding 20 years. Section 705 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4705. Sentences on separate convictions may be imposed to run consecutively. Act of May 28, 1937, P. L. 1036, 19 PS §894. And the sentencing court had the power to revoke the original sentences and, on resentencing, to increase the punishment since this was done within term time, and the original sentences then had not been executed. *Com. ex rel. Saeger v. Dressell,* 174 Pa. Superior Ct. 39, 98 A. 2d 430. Relator may question the cumulative effect of the sentences before the Pardon Board on a proper application to it. But we may not express an opinion on the subject. In a habeas corpus proceeding it is not the function of the appellate court to pass upon the severity of sentences imposed, when as here the terms of imprisonment are within the limits fixed by law. *Com. ex rel. Herman v. Claudy,* 176 Pa. Superior Ct. 387, 107 A. 2d 595.

Order affirmed.