206 N.J. Super. 564 (1985)
503 A.2d 352
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM WOMACK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 10, 1985.
Decided December 26, 1985.
*566 Before Judges MICHELS, DEIGHAN and STERN.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Harold S. Vogel, designated counsel).
Irwin I. Kimmelman, Attorney General, for respondent (Gilbert G. Miller, Deputy Attorney General, of counsel).
The opinion of the court was delivered by STERN, J.S.C., temporarily assigned.
This appeal challenges the validity of a parole ineligibility term embodied in the judgment of conviction but not expressly imposed at the time of sentencing.
On April 23, 1984 defendant entered a negotiated guilty plea to first degree robbery. After some initial confusion as to the terms of the plea agreement[1], the recommendation was clarified. *567 Defendant entered a plea to first degree robbery conditioned upon a maximum sentence of 10 years and a maximum of five years before parole eligibility. R. 3:9-3. At the time of the plea, the following was developed, pursuant to R. 3:9-2, in support of a voluntary, knowing, intelligent plea.
THE COURT: Do you understand, that if you were convicted by a jury of all these charges, some of them might merge such that the total punishment might be no more than 20 years in State's Prison and 10 years without parole.
Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand, that under the terms of this plea bargain, what the prosecutor is saying is, that all of the charges will be dismissed except for the armed robbery. And that any punishment would be limited to a maximum of 10 years and would be concurrent to any violation of parole.
Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: You also understand, that under the terms of that plea bargain, although the Court does not have to, you could be ordered to serve as much as five years without parole.
THE DEFENDANT: Yes.
After further inquiry and development of a factual basis, involving robbery while armed with a knife, the plea was accepted.
Defendant was sentenced on June 8, 1984. At that time the record reflects the following, after defendant and his counsel addressed the court:
THE COURT: Mr. Prosecutor, anything you want to say before I impose sentence?
MR. ORLANDO: Yes. Mr. Womack, the State is recommending that the sentence run concurrent with any parole violation he may have. He's had prior convictions for robbery and armed robbery.
He's done time at Yardville and State prison. With regard to that, the State is going to ask for a maximum of ten years, five years, without parole as a minimum.

*568 THE COURT: Let the record reflect that the original white copy of this plea shows that at one point it had, without mandatory minimum, which was struck out and initialed by both Mr. Womack and his attorney. That was not as clear in the yellow copy, in the court's file, and quite frankly, I wasn't going to accept the plea bargain.
MR. ORLANDO: If I may recall, I recall it being on the record that day.
THE COURT: I was saying that I was going to reject the plea bargain because I did not remember the ten years to be adequate. The aggravating factors here, sir, are that you were convicted of robbery in 1977, convicted of armed robbery later on in 1977, and that this offense was committed while you were on parole.
This was, you lead the attack on an old man; helpless, partially drunk, and robbed him with a knife with the assistance of three others. In my view you are a great danger to the community  for the purposes of detering [sic] you and others, because of your prior record, and because there are no mitigating factors present, I sentence you to the custody of the Commissioner of Corrections for a period of ten years.
I order that you pay $25 to the Violent Crimes Compensation Board. You have a right to appeal this sentence. Any appeal has to be taken within 45 days of today and the public defender will take an appeal for you if you so desire.
I might also note, so the record is clear, that when the probation department in its reference says the defendant should face a minimum sentence, what they were talking about is a minimum mandatory, period, without parole. They were not recommending that he be treated leniently, and it would be a cold day somewhere before this court treats leniently someone that committed a third robbery and armed robbery on an old man.
The judgment entered the same day indicates that defendant was sentenced "To Custody of Commissioner of Corrections for 10 years, 5 years of this sentence are to be without Parole." The judgment embodied various aggravating factors and expressly noted the absence of any mitigating factors. N.J.S.A. 2C:44-1a, b.
On this appeal defendant argues:
POINT I WHERE DEFENDANT WAS NOT INFORMED THAT A PERIOD OF PAROLE INELIGIBILITY WAS LIKELY TO BECOME PART OF HIS SENTENCE, THE SENTENCE CANNOT STAND. (NOT RAISED BELOW)
POINT II WHERE THE TRIAL JUDGE DID NOT ANNOUNCE A PERIOD OF PAROLE INELIGIBILITY WHEN HE SENTENCED DEFENDANT, THE SENTENCE MAY NOT BE INCREASED BY ADDING SUCH PROVISION TO THE JUDGMENT OF CONVICTION. (NOT RAISED BELOW)

*569 I
We are satisfied that the defendant was sufficiently aware that a parole ineligibility term of up to five years could be imposed pursuant to the recommendation and that the court made sufficient inquiry to assure a knowing, voluntary and intelligent plea. See State v. Kovack, 91 N.J. 476 (1982). Accordingly, a period of parole ineligibility of up to five years could have been imposed.[2]

II
The difficult issue to be resolved is whether inclusion of the parole ineligibility term in the judgment without expressing it on the record at the time of sentencing, violated the double jeopardy clauses of the state and federal constitutions. Because the language of the two clauses is different, we have consistently followed the principles embodied in the broader clause of the federal constitution. See e.g., State v. Roth, 95 N.J. 334, 344-345 (1984); State v. Barnes, 84 N.J. 362, 370 (1980). Absent the State's right of appeal or an illegal sentence, see United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); State v. Roth, supra; State v. Gledhill, 67 N.J. 565, 584 (1975); State v. Farr, 183 N.J. Super. 463 (App.Div. 1982); State v. Watson, 183 N.J. Super. 481 (App. Div. 1982); State v. Sheppard, 125 N.J. Super. 332 (App.Div. 1973), certif. den. 64 N.J. 318 (1973); N.J.S.A. 2C:44-1(f)(2); see also State v. Rodriguez, 97 N.J. 263 (1984), the double jeopardy protection generally prohibits an increase in sentence following the commencement of execution. See e.g., North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (due *570 process); Ex Parte Lange, 18 Wall. (85 U.S.) 163, 21 L.Ed. 872 (1874); State v. Ryan, 86 N.J. 1 (1981), cert. den. 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981); State v. Laird, 25 N.J. 298, 306-307 (1957). While a judgment embodies determinations and reasons therefor made at the time of sentencing, see R. 3:21-4(e), the judgment is prepared by the clerk and signed by the judge and provides "finality." See R. 3:1-4(a); 3:21-5 (final judgment). See also State v. Pratts, 145 N.J. Super. 79, 93-94 (App.Div. 1975), aff'd o.b. 71 N.J. 399 (1976) (amendment after judgment signed). Thus, while a judgment may be corrected or amended to correct technical errors or clerical mistakes, see e.g., State v. Matlack, 49 N.J. 491, 501-502 (1967), cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967); State v. Conners, 129 N.J. Super. 476 (App.Div. 1974); see also State v. Rose, 40 N.J. Super. 40, 46-48 (Cty.Ct. 1956), aff'd 41 N.J. Super. 434 (App.Div. 1956); State v. Pohlabel, 40 N.J. Super. 416, 423 (App.Div. 1956) (transcript of judge's remarks control over clerk's records), the judgment of conviction cannot embody a sentence which constitutes an increase above that originally imposed by the trial judge, unless an appellate court orders an increase or reconsideration or unless an illegal sentence is subsequently corrected. See e.g., State v. Rodriguez, supra; State v. Roth, supra; State v. Sheppard, supra.
Under the Code of Criminal Justice, a parole ineligibility term may be imposed where the trial court is clearly convinced that the aggravating factors substantially outweigh the mitigating. See N.J.S.A. 2C:43-6b (ordinary term). Compare, N.J.S.A. 2C:43-7b (extended term). In certain instances a period of parole ineligibility must be imposed. See N.J.S.A. 2C:14-6; 2C:43-6c; 2C:43-7c; 2C:44-3d. The imposition of a parole ineligibility term delays parole consideration which otherwise attaches to the specific term sentence imposed. See N.J.S.A. 30:4-123.51. When imposing a sentence, the judge is obligated to consider the parole consequences and to express them on the record. See N.J.S.A. 2C:43-2e; 2C:44-1c(2). See also R. 3:21-4(e).
*571 Accordingly, the inclusion in the judgment of a discretionary parole ineligibility term not embodied in the sentence as originally pronounced would constitute a sentence "increase" and would be prohibited by the guaranty against double jeopardy, at least where the sentence was commenced prior to the entry of final judgment. See Nelson v. State, 617 P.2d 502 (Alaska 1981); cf. State v. McMeekin, 204 N.J. Super. 496 (App.Div. 1985); State v. Heisler, 192 N.J. Super. 586 (App.Div. 1984); compare Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); see also N.J.S.A. 2C:44-1f(2); R. 2:9-3(d); R. 3:21-4(g) staying sentence and prolonging "finality" to permit an appeal by the State where authorized by statute.
We conclude, however, that a judgment of conviction can include a parole ineligibility term which embodies confirmation of the sentencing judge's indication at the time of sentencing that he intended to impose a period of parole ineligibility. Cf. State v. Matlack, supra, 49 N.J. at 502. Compare State v. Pohlabel, supra. Where the defendant challenges the sentence imposed, neither partial execution of sentence nor "finality" prohibit clarification of the trial court's intent to have imposed a discretionary parole ineligibility term at the time of sentencing, provided that the record sufficiently indicates an expression of that intent. Cf. State v. Rodriguez, supra; State v. Matlack, supra. See also State v. Pratts, supra.
At the time of sentencing the trial court in this case indicated that he had no intention of treating the defendant "leniently" and implied that, given the recommended 10 year maximum, he might have rejected the negotiated plea if it had not included a period of parole ineligibility. Therefore, we do not vacate the period of parole ineligibility embodied in the judgment of conviction, and we remand the matter to the sentencing judge for determination, after any appropriate hearing, as to whether or not he, in fact, imposed or intended to *572 impose a parole ineligibility term of five years at the time of sentencing, and for further consideration of the sentence consistent with this opinion.
The matter is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.[3]
NOTES
[1] The confusion centered around whether the prosecutor, as part of a negotiated plea could "request or demand" a period of parole ineligibility. The question was whether the prosecutor agreed not to "request or demand" such a term as a condition of the negotiated plea or whether he was affirmatively recommending no imposition of an ineligibility term. It was agreed by both parties that the prosecutor was free to speak at the time of sentencing and could ask for the imposition of a parole ineligibility term, but would not (and could not) require the imposition of same as a condition of the plea. See State v. Spinks, 66 N.J. 568, 574 (1975); R. 3:9-3. The State also recommended that the sentence to be imposed pursuant to the new plea be made to run concurrent with any resulting violation of parole.
[2] Apparently because of the negotiated plea and the fact that the aggravating factors substantially outweigh the mitigating, no challenge is made to the ineligibility term imposed on the sentence at the bottom of the range. Compare State v. Martelli, 201 N.J. Super. 378, 383 (App.Div. 1985); State v. Guzman, 199 N.J. Super. 346, 351-353 (Law.Div. 1985). Accordingly, we do not address the issue.
[3] At the time of remand the parties should also consider the fact that the judgment does not make the sentence imposed concurrent with any parole violation. But see N.J.S.A. 2C:44-5c in effect at the time of this sentence.