860 A.2d 469

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JONATHAN DANIEL GILBERTI, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 14, 2004—Decided November 17, 2004.

Before Judges SKILLMAN, COLLESTER and GRALL.

*Brian J. Neary,* argued the cause for appellant.

*Samuel Marzarella,* Assistant Ocean County Prosecutor, argued the cause for respondent (*Thomas F. Kelaher,* Prosecutor, attorney; *Mr. Marzarella,* of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The question presented by this appeal is whether defendant's alleged offensive comment to one of the victims of his crimes shortly after the trial judge pronounced sentence provided an

adequate basis for the judge to vacate the sentence. We conclude that defendant's alleged comment did not warrant the judge vacating the orally pronounced sentence.

Defendant was indicted on three counts of attempted aggravated sexual assault, in violation of *N.J.S.A.* 2C:5–1, *N.J.S.A.* 2C:2–6 and *N.J.S.A.* 2C:14–2a(3); three counts of attempted sexual assault, in violation of *N.J.S.A.* 2C:5–1, *N.J.S.A.* 2C:2–6 and *N.J.S.A.* 2C:14–2c(1); and three counts of attempted burglary, in violation of *N.J.S.A.* 2C:5–1, *N.J.S.A.* 2C:2–6 and *N.J.S.A.* 2C:18–2.

These charges were based on defendant posing as women in an internet chat room and inviting men to come to these women's homes to play out rape fantasies. Two men with whom defendant pretended to be women went to two victims' homes to engage in this activity, but their attempts to gain access to the victims were thwarted before any actual sexual assaults were committed.

Pursuant to a plea bargain under which the State agreed to recommend imposition of consecutive five-year terms for attempted sexual assaults on each of the two victims, defendant pled guilty to the attempted sexual assault counts of the indictment. The Adult Diagnostic and Treatment Center (ADTC) submitted a report which found that defendant is a repetitive and compulsive sex offender who was eligible for sentencing under the Sex Offender Act, *N.J.S.A.* 2C:47–1 to –10. Defendant did not contest this finding. The ADTC and presentence reports also indicated that defendant is bipolar.

The trial judge sentenced defendant in conformity with the plea bargain to concurrent five-year terms for two attempted sexual assaults on one victim and a consecutive five-year term for the attempted sexual assault on the other victim, for an aggregate term of ten years. The judge ordered defendant to begin service of this sentence in state prison and to be transferred to the ADTC when five years remain to be served. The court also determined that defendant's convictions are subject to the No Early Release Act, *N.J.S.A.* 2C:43–7.2, under which defendant must serve 85% of his sentence before he becomes eligible for parole, and Megan's

Law, *N.J.S.A.* 2C:7–1 to –19. The judge dismissed the other counts of the indictment in accordance with the plea agreement.

Shortly after pronouncing this sentence, the trial judge returned to the bench and directed that defendant and defense counsel be brought back to the courtroom. Upon their return, the judge asked the prosecutor to place on the record what he had told the judge in chambers. The prosecutor stated: "It was reported to me that as [defendant] was being led out in handcuffs, he looked at [one of the victims] and called her a fucking bitch." The judge asked defense counsel whether he had any comment, in response to which defense counsel said: "Judge, I wasn't here. I didn't see it. Judge, if, that's what was said, I'm sure that's not what my client meant. And—" At this point, defendant said: "Can I please say something, or am I not allowed to?" The judge responded: "I'll hear from you in a minute." The judge then told defendant that he had a right to remain silent and that anything he said could be used against him.

However, without requiring the prosecutor to present any evidence regarding the alleged incident he had reported to the judge or giving defendant an opportunity to be heard, the judge announced that he was going to vacate defendant's sentence, reinstate the indictment and place the case back on the trial calendar. In explaining this action, the judge stated:

> I have determined that I was wrong in assessing the aggravating and mitigating factors. And that I did not give sufficient weight to the aggravating factors that the character and attitude of this defendant are such, and the weight that I assess, that he is likely to commit another offense.
>
> And with the added information that the Court presently has in balancing the aggravating and mitigating factors, this Court is clearly convinced that the aggravating factors significantly and substantially outweigh the mitigating factors. And, therefore, a minimum sentence for a second degree crime of five years is totally inappropriate under our sentencing guidelines.

Defendant then again attempted to address the judge, but the judge would not allow him to speak, saying:

> Do not interrupt me, sir. If you disagree with what I am doing here sua sponte, you have the right to file a Notice of Appeal, if you wish to, interlocutory to the Appellate Division.

We granted defendant's motion for leave to appeal from the order vacating his sentence. We conclude that defendant's alleged offensive comment to one of the victims after the judge pronounced sentence did not provide an adequate basis for vacating the sentence. Accordingly, we reverse and remand for entry of a judgment of conviction in conformity with the sentence pronounced by the judge.

Before discussing our reasons for this disposition, we make several preliminary observations. First, we note that defendant does not contend that the order vacating his sentence violates the Double Jeopardy Clauses of the United States or New Jersey Constitutions, *U.S. Const.* amend. V; *N.J. Const.* art. I, ¶ 11. This implicit concession presumably reflects the well-established rule that jeopardy does not attach immediately upon pronouncement of sentence. *See United States v. DiFrancesco,* 449 *U.S.* 117, 133–36, 101 *S.Ct.* 426, 435–37, 66 *L.Ed.*2d 328, 343–45 (1980); *State v. Rodriguez,* 97 *N.J.* 263, 270, 478 *A.2d* 408 (1984). Second, defendant seemingly acknowledges that his alleged offensive comment to one of the victims could subject him to prosecution for contempt. *See State v. Gonzalez,* 134 *N.J.Super.* 472, 475–77, 341 *A.2d* 694 (App.Div.), *aff'd in part and vacated in part,* 69 *N.J.* 397, 354 *A.2d* 325 (1975). The only question is whether this alleged comment also provided a proper basis for the trial judge to vacate the sentence he had just pronounced.

Defendant argues that the trial judge lost jurisdiction once he pronounced sentence. However, it is not the oral pronouncement of sentence but rather the entry of a judgment prepared by the clerk and signed by the judge that establishes "finality" in a criminal case. *See State v. Womack,* 206 *N.J.Super.* 564, 570, 503 *A.2d* 352 (App.Div.1985), *certif. denied,* 103 *N.J.* 482, 511 *A.2d* 658 (1986); *State v. Moore,* 178 *N.J.Super.* 417, 427–28, 429 *A.2d* 397 (App.Div.), *certif. denied,* 87 *N.J.* 406, 434 *A.2d* 1083 (1981). Consequently, a trial judge who omits a provision in pronouncing sentence that he intended to impose may in some circumstances add that provision to the judgment if the defendant has not begun

to serve the sentence and thus jeopardy has not yet attached. *See Womack, supra,* 206 *N.J.Super.* at 571, 503 *A.*2d 352 (noting that judge could add parole ineligibility term omitted from oral pronouncement of sentence to judgment of conviction if he indicated in the course of the sentencing hearing that sentence would include this provision).

We assume that in sufficiently compelling circumstances a judge could exercise this continuing jurisdiction to reconsider an orally pronounced sentence that has not yet been reduced to a written judgment. For example, if a judge imposed a lenient sentence for an assault based on finding, as mitigating sentencing factors, that "[t]he defendant's conduct was the result of circumstances unlikely to recur[,]" *N.J.S.A.* 2C:44-1b(8), and that "[t]he character and attitude of the defendant indicate that he is unlikely to commit another offense[,]" *N.J.S.A.* 2C:44-1b(9), and the defendant assaulted the prosecutor or the judge as he was being taken out of the courtroom, such post-sentencing conduct could possibly provide a basis for reconsideration of those mitigating factors and imposition of a more severe sentence. In fact, the Pennsylvania courts have held that a trial court may reconsider and increase an orally pronounced sentence based on a defendant's conduct at sentencing or immediately thereafter. *Commonwealth v. Gallagher,* 296 *Pa.Super.* 382, 442 *A.*2d 820, 822 (1982); *Commonwealth ex rel. Eichelberger v. Maroney,* 177 *Pa.Super.* 323, 110 *A.*2d 734, 736 (1955).

Nevertheless, even assuming a trial court has the authority to reconsider a sentence based on a defendant's conduct at or about the time of sentencing, this authority should be exercised only in exceptional circumstances. "Pronouncement of judgment of sentence is among the most solemn and serious responsibilities of a trial court." *State v. Roth,* 95 *N.J.* 334, 365, 471 *A.*2d 370 (1984). Therefore, this pronouncement generally should be accorded finality, particularly since any subsequent misconduct by a defendant can be adequately addressed by the court's exercise of the contempt power or the initiation of new criminal charges.

A trial court should be especially hesitant to reconsider an orally pronounced sentence in a case such as this, where a sentence has been imposed in accordance with a negotiated plea agreement and vacation of the sentence would involve rejection of that agreement. Although "a trial court has wide discretion in deciding whether to accept a plea, it must be a 'sound discretion.'" *State v. Madan,* 366 *N.J.Super.* 98, 108, 840 *A.2d* 874 (App.Div. 2004) (quoting *State v. Brockington,* 140 *N.J.Super.* 422, 427, 356 *A.2d* 430 (App.Div.), *certif. denied,* 71 *N.J.* 345, 364 *A.2d* 1077, *cert. denied,* 429 *U.S.* 940, 97 *S.Ct.* 357, 50 *L.Ed.2d* 310 (1976)). "Simply concluding that the interests of justice would not be served [by acceptance of a plea agreement] is insufficient if reasons are not provided that support such a conclusion or if the rationale is based on an incorrect legal analysis." *Id.* at 114, 840 *A.2d* 874. This constraint upon judicial discretion is even stronger once a court has accepted a plea agreement and pronounced sentence.

Defendant's alleged offensive comment to one of the victims of his attempted sexual assaults did not present the kind of exceptional circumstance that might justify vacation of a sentence and rejection of a plea agreement after the trial judge has orally pronounced sentence. Initially, we note that the procedures followed by the trial judge in taking this action were deficient. The prosecutor did not represent that he had heard the alleged comment; he only stated that it had been "reported" to him. Consequently, if the judge believed that the alleged comment could provide a basis for any form of judicial action, he should have required the prosecutor to present competent evidence that the comment had in fact been made. The judge also should have afforded defendant an opportunity to refute that evidence by his own testimony or other available evidence and should have given defense counsel an opportunity to present argument. The judge then should have made a factual finding whether the comment was actually made and, if so, a reasoned explanation for whatever action may have been warranted. Instead, the judge summarily

accepted the hearsay information reported by the prosecutor, without affording defendant or defense counsel an opportunity to be heard.

In any event, even if the judge had followed proper procedures, defendant's alleged offensive comment to one of the victims would not have provided a basis for vacating his sentence. That sentence was the maximum allowed under the plea agreement. The prosecutor did not suggest that defendant's alleged comment warranted his office withdrawing from the plea agreement, and the judge's only explanation for rejecting the agreement and vacating the sentence was: "I did not give sufficient weight to the aggravating factors that the character and attitude of this defendant are such, and the weight that I assess, that he is likely to commit another offense." However, the premise of the plea agreement was that defendant had committed serious criminal offenses that required substantial punishment and that defendant was likely to commit additional offenses unless he was successfully treated at the ADTC: The sentence negotiated by the prosecutor and pronounced by the judge provided for an aggregate ten-year term of imprisonment, 85% of which must be served without eligibility for parole, with the last five years being served at the ADTC. Furthermore, in pronouncing this sentence, the judge identified the "depraved" nature of the offense, *N.J.S.A.* 2C:44–1a(1), and "[t]he risk that the defendant will commit another offense[,]" *N.J.S.A.* 2C:44–1a(3), as aggravating sentencing factors. Defendant's alleged utterance of an offensive comment to one of the victims did not add anything significant to the portrait of defendant and his offenses upon which this sentence had been based. Therefore, there was no basis for the judge to conclude that defendant's alleged comment demonstrated that the sentence negotiated by the prosecutor and accepted by the judge was based on erroneous assumptions concerning the risk of defendant committing other similar offenses.

Accordingly, we reverse the order vacating defendant's sentence and rejecting the plea agreement and remand for entry of a

judgment of conviction in conformity with the orally pronounced sentence.