STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM E. JONES, DEFENDANT-APPELLANT.

Argued January 21, 1975—Decided March 4, 1975.

564

*Mr. Edward J. Dimon,* Assistant Deputy Public Defender, argued the cause for defendant-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Richard W. Berg,* Deputy Attorney General, argued the cause for plaintiff-respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. This appeal involves a claim of excessive sentence. Defendant was convicted of assault with intent to commit robbery, a violation of *N. J. S. A.* 2A:90–2; committing the assault when armed, a violation of *N. J. S. A.* 2A:151–5; and possession of a weapon after having been convicted of a serious crime, a violation of *N. J. S. A.* 2A:151–8[1]. He was sentenced to State Prison as follows: for the assault with intent to commit robbery, a sentence of not less than 11 nor more than 12 years; for committing the assault when armed, an additional sentence of not less than 9 nor more than 10 years to be served consecutively to the sentence for assault; for possession of a weapon after having been convicted of serious crime, a sentence of not less than 2 nor more than 3 years, to be served consecutively to the other two sentences. The foregoing sentences aggregated 22 to 25 years.

On defendant's appeal the Appellate Division affirmed the convictions including the sentences imposed. This Court granted certification, 65 *N. J.* 558 (1974), solely on the issue of defendant's sentence.

---

[1] Defendant has a prior conviction of armed robbery.

On June 18, 1972, defendant, then 23 years of age, and two companions attempted the armed robbery of a supermarket. A police officer who was in the store at the time foiled the attempted robbery, disarmed defendant who was carrying a handgun and placed defendant and one of his companions under arrest. A third participant escaped.

Defendant originally pleaded not guilty to the several charges on which he was indicted. He then changed his plea to guilty, and still later was allowed to withdraw such plea and reinstate his original plea of not guilty. He stood trial by jury in April 1973 and was convicted of the charges heretofore stated.

The trial judge in imposing sentence on defendant made the following comment:

[T]he Court views this offense for which the jury has found you guilty with considerable concern. I think it's a very serious offense. And when you play with those kind of stakes, you either win or lose. You win big, or you lose big. You're going to lose big.

The presentence report showed that defendant's record included a prior conviction for armed robbery. He has a history of heroin addiction and admitted to the use of up to 15 bags daily. His parole officer reported that defendant had a very negative attitude, had no response to supervision nor desire to adjust to the norms of society. The report recommended that a suitable period of incarceration be imposed.

Defendant argues that the trial judge imposed a harsh series of consecutive sentences for what was in reality a single criminal act and that the aggregate of 22 to 25 years was manifestly excessive and unduly punitive.

█ We find no abuse of discretion in the imposition of consecutive sentences on the count of assault with intent to commit robbery, and the count of committing the assault while armed. *N. J. S. A.* 2A:151-5 provides that "any person who commits * * * an assault, * * * when armed * * * shall, in addition to the punishment provided" for the as-

sault, be punished for being armed. Under the statute being armed at the time is an aggravating factor over and above the seriousness of the crime committed, and calls for additional, separate punishment. ·

The trial judge may in the exercise of sound discretion make the separate sentence for being armed consecutive to the sentence for the crime, or concurrent thereto, or even suspend service of the separate sentence depending on the circumstances of the particular case.

*Rule* 3:21–4(e) (effective September 9, 1974) now requires a judge, at the time sentence is imposed, to state the reasons for imposing such sentence. Where consecutive sentences are fixed, the statement of reasons should indicate why the sentences have been made consecutive rather than concurrent. However, when defendant herein was sentenced on May 14, 1973 no such statement of reasons was required. On the record of this case we find no abuse of discretion in the imposition of consecutive sentences for the assault with intent to commit robbery and committing the assault while armed. *State v. Hodgson,* 44 *N. J.* 151 (1965), *cert.* denied 384 *U. S.* 1021, 86 S. Ct. 1929, 16 L. Ed. 2d 1022 (1966); *State v. Ellis,* 116 *N. J. Super.* 330 (App. Div. 1971).

Defendant was also sentenced to a consecutive term of 2 to 3 years for possession of a weapon after having been convicted of a serious crime.[2] We think the sentence imposed should have been made concurrent to the other sentences rather than consecutive. Defendant had already received an additional consecutive sentence of 9 to 10 years for being armed when the assault was committed. To add on a consecutive sentence of 2 to 3 years for possession of the same weapon used in the armed assault seems to us to

---

[2] No contention is made that the charge of possession of a weapon after having been convicted of a serious crime is a lesser included offense within the charge of assault with intent to commit robbery while armed.

be unduly punitive. Defendant's sentence is modified accordingly.

██ ██ We next consider whether the modified sentence aggregating 20 to 22 years is excessive. The trial judge's statement of his reason for imposing sentence is unsatisfactory. In fixing a sentence a judge should consider the gravity of the crime and appropriate punishment therefor, deterrence, protection of the public, rehabilitation and any other factors or circumstances relevant to the particular situation.

In the instant case the presentence report states that defendant "has a history of aggressive and violent nature including," a previous armed robbery. He is a habitual user of hard drugs. As heretofore noted, his parole officer reported that defendant had a negative attitude and no desire to adjust to the norms of society. His sentence in 1970 to the then Reformatory for an indeterminate term on the armed robbery charge apparently failed as a rehabilitative measure. Considering all of the circumstances, it cannot be said that an aggregate sentence of 20 to 22 years is manifestly excessive. The judgment of the Appellate Division is modified as herein provided and, as modified, is affirmed.

*For affirmance as modified*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOVSKY—7.

*For reversal*—None.