150 N.J. Super. 400 (1977)
375 A.2d 1216
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN SANDUCCI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 24, 1977.
Decided June 3, 1977.
*401 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Samuel R. De Luca, attorney for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Anthony J. Parrillo, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
A jury found defendant guilty of threatening to kill for purposes of extortion (N.J.S.A. 2A:105-4). He was acquitted of a second count charging conspiracy. The sentence imposed was a State Prison term of 10 to 15 years. Defendant appeals, contending that (1) "the withholding of the offer of taped evidence until rebuttal was improper and prejudicial procedure," and (2) the sentence was an abuse of discretion.
With respect to the first contention, the argument advanced is that recorded telephone conversations between *402 defendant and the extortion victim should have been produced on the State's case-in-chief, and not in rebuttal. The argument is without merit. What is proper rebuttal evidence and whether it should be admitted is a matter which lies within the sound discretion of the trial judge, and the exercise of that discretion will not be disturbed in the absence of gross abuse. State v. Balles, 47 N.J. 331, 343 (1966); State v. De Rocco, 53 N.J. Super. 316, 323 (App. Div. 1959). Here, defendant's testimony sought to establish that the victim, who had marital problems, schemed with him to make it appear that the victim's life was being endangered by his wife's boyfriend. Defendant denied that he was attempting to extort money from the victim. The taped conversations were offered to rebut defendant's version of what had occurred. They were clearly admissible for that purpose. We discern no mistaken exercise of discretion on the part of the trial judge in allowing the tapes to be received in evidence.
Defendant contends next that his sentence was manifestly excessive. He notes that the presentence report disclosed that he had been continuously employed for many years; that he is married and the sole support of his wife, two children and his mother-in-law; that he suffers from diabetes and asthma, and that he owns two homes and does not gamble, drink, smoke or use drugs. He also calls our attention to the absence of any involvement with the law since 1958, when he was charged with interstate transportation of a stolen motor vehicle and was placed on probation for five years.
It is thoroughly settled that while an appellate court has the power to review and modify sentences, a legal sentence should not be changed or reduced except upon a clear showing that it was unduly punitive or that there was an abuse of discretion by the sentencing judge. State v. Pugh, 117 N.J. Super. 26 (App. Div. 1971), certif. den. 60 N.J. 22 (1972). But the trial judge's broad discretion in the matter of sentencing requires that an appellate court "give *403 particular scrutiny to the sentence so that the punishment imposed is not greater than ought to be inflicted under the circumstances of the case." State v. Bess, 53 N.J. 10, 18-19 (1968). To this end it is imperative that the trial judge set forth a statement of reasons at the time of the imposition of sentence. A statement of reasons for the imposition of a custodial sentence was formerly discretionary. R. 3:21-4(e) now mandates such statement for all sentences. It must also be incorporated into the judgment of conviction. R. 3:21-5. The Sentencing Manual for Judges (1975), published by the Administrative Office of the Courts, though not an official expression of the views of the Supreme Court, aptly explains the purpose of such statement of reasons:
Formulation of reasons should lead to a greater uniformity of sentencing by trial judges and should convey to appellate courts, institutions, and the State Parole Board information of the greatest value. * * * Given the difficult problems of theory and fact involved in a review for abuse of discretion in sentencing, the reasons for the sentence are essential to the appellate record.

* * * * * * * *
Here, the judgment of conviction contains only this laconic statement: "Extremely serious offense. Punishment necessary." Since we have not been furnished a transcript of the sentence proceeding, we do not have the benefit of an amplification, if any, by the trial judge. We consider the trial judge's statement of his reason for imposing sentence unsatisfactory. Cf. State v. Jones, 66 N.J. 563 (1975). In fixing a sentence a judge should consider the gravity of the crime and appropriate punishment therefor, deterrence, protection of the public, rehabilitation and any other factors or circumstances relevant to the particular sentence. Id. at 568. It is not enough merely to note the seriousness of the offense and the need for punishment. Any sentence, particularly a custodial one, constitutes punishment. What is lacking here is an explanation of the appropriateness of the 10 to 15-year term, taking into account all relevant considerations. *404 We do not mean to imply that the sentence in this case was manifestly excessive. Our difficulty is that we cannot fairly appraise it on the record before us.
Accordingly, we affirm the judgment of conviction, but remand the matter to the trial court for an amended statement of reasons for the sentence imposed, which shall be submitted to us not later than June 14, 1977. We retain jurisdiction solely for the purpose of considering the matter of sentence.