191 N.J. Super. 542 (1983)
468 A.2d 436
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GEORGE GERSTOFER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 19, 1983.
Decided November 2, 1983.
*544 Before Judges MATTHEWS and SHEBELL.
George L. Schneider, Essex County Prosecutor, for appellant (Marc J. Friedman, Assistant Prosecutor, on the letter-brief).
Ashley and Charles, for respondent (Thomas R. Ashley, on the letter-brief).
PER CURIAM.
Defendant was convicted by a jury of second degree manslaughter. Having stabbed the victim 23 times, he asserted a defense of self-defense which the jury rejected. The State urged the imposition of the presumptive sentence of seven years incarceration, however, the court sentenced the defendant to a four year probationary term, 400 hours of community service (but not more than 100 hours in any year), and imposed a $1,000 penalty under the Violent Crimes Compensation Board Act. The State has filed a timely appeal of the sentence asserting first, that there should be no presumption of correctness upon review of the sentence pursuant to the State's appeal and second, irrespective of the standard of review, the sentence was inappropriately lenient.

*545 I
We take first the contention of the State that there should be no presumption of correctness upon review of the sentence pursuant to the State's appeal. We are constrained to disagree with that position of the State. Sound reason compels appellate courts to afford appropriate deference to the decisions of trial judges both regarding their factual findings and also the discretionary decisions of a sentencing judge. See State v. Leggeadrini, 75 N.J. 150, 162 (1977). There must be proper circumspection by appellate courts in revising sentences imposed by trial judges oriented to the concept of a clear and compelling finding of a miscarriage of justice, sometimes expressed in terms of such shock to the judicial conscience as to be convincing that upholding the action reviewed would be manifestly unjust. State v. Whitaker, 79 N.J. 503, 513-514 (1979). We, as appellate judges, are admonished to resist the natural temptation to substitute our judgment for that of the sentencing judge because of his presumed superior ability to make a first hand evaluation of the background and character of the defendant and the offense. State v. Leggeadrini, supra 75 N.J. at 162. There is no reason why the above principles do not equally apply regardless of whether it is the defendant or the State that is appealing from the sentence imposed.

II
The offense in question is a second degree crime and therefore a sentencing court is bound by the strictures of N.J.S.A. 2C:44-1(d). The provisions of that statute entitled "Presumption of Imprisonment" are as follows:
The court shall deal with a person who has been convicted of a crime of the first or second degree by imposing a sentence of imprisonment unless, having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.
The court in this case weighed the aggravating and mitigating factors under N.J.S.A. 2C:44-1(a) and (b) as it was required to do. The court concluded that the mitigating factors not only *546 substantially outweighed the aggravating factors but overwhelmingly outweighed them and the interest of justice demanded that a probationary sentence be imposed. Unquestionably such a determination as to the sentencing factors permits the court to impose less than the presumptive sentence of seven years for the second degree crime in question. N.J.S.A. 2C:44-1(f)(1). The range of incarceration for that offense is between five and ten years. N.J.S.A. 2C:43-6(a)(2). Beyond that the court may under the provisions of N.J.S.A. 2C:44-1(f)(2) sentence defendant to a term appropriate to a crime of one degree lower than the second degree crime upon a finding that the mitigating factors substantially outweigh the aggravating factors and the interests of justice demand. Third degree crimes are punishable by a term of specific years to be fixed by the court between three years and five years. N.J.S.A. 2C:43-6(a)(3). It appears that giving due deference to the position of the sentencing judge to have heard the testimony at trial and to have reviewed the presentence report, letters, arguments of counsel and "to have a feel for the case," that there is sufficient basis to sustain a sentencing of the defendant to a term appropriate to a crime of the third degree rather than the second degree crime of which he was convicted. N.J.S.A. 2C:44-1(f)(2). The language used by the court, in outlining its findings is strikingly similar to that of the aforesaid statute. The Legislature has however mandated that the court shall deal with a person who has been convicted of a crime of the second degree or greater by imposing a sentence of imprisonment unless, having regard to the character and condition of the defendant, it is determined that there would be a serious injustice which overrides the need to deter such conduct by others. N.J.S.A. 2C:44-1(d). Trial courts in imposing sentences must state their reasons on the record. R. 3:21-4(e). The requirement of this rule is necessary to allow an appellate court to review the sentencing decision and the correctness thereof. State v. Tumminello, 70 N.J. 187 (1976); State v. Sanducci, 150 N.J. Super. 400 (App.Div. 1977). We do not find in the record a determination *547 by the sentencing judge that, having regard to the character and condition of the defendant, it would be a serious injustice overriding the need to deter such conduct by others to cause his imprisonment for such period of time as would be allowable for a third degree offense to which he could appropriately be sentenced in this case. A sentencing judge would be myopic if he saw no more than the defendant before him and did not consider the need to deter such conduct by others. See State v. Ivan, 33 N.J. 197 (1960).
We conclude that the probationary sentence imposed by the trial court must be vacated as unsupported by a proper determination that there would be such a serious injustice to the defendant, considering his character and condition, that it overrides the need to deter such conduct by others. The matter is remanded to the trial court for imposition of a custodial sentence not inconsistent with this opinion. We do not retain jurisdiction.