STATE OF NEW JERSEY, PLAINTIFF, v. ISABEL GARCIA, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided April 21, 1989.

*Ralph G. Sullivan,* for plaintiff (*John H. Stamler,* Union County Prosecutor, attorney).

*Patricia Costello,* for defendant.

SACHAR, J.S.C.

Defendant comes before the court for sentencing pursuant to a plea agreement which provides for a non-custodial sentence. Defendant pled guilty to possession of a controlled dangerous substance with intent to distribute, under *N.J.S.A.* 2C:35–5(a)(1) and –5(b)(1) of the Comprehensive Drug Reform Act (*L.*1987, *c.*

106) hereinafter referred to as "the act." *N.J.S.A.* 2C:35–5 grades the degree of the offense by the quantity of the controlled dangerous substances involved. Defendant possessed with the intent to distribute 35 ounces of cocaine. Five ounces or more of cocaine constitutes a first degree offense, which carries with it a mandatory period of parole ineligibility. Offenses for lesser quantities of controlled dangerous substances under this section do not carry with them mandatory periods of parole ineligibility.

Section 2C:35–5b(1) of the act states, in pertinent part:

The defendant shall, except as provided in N.J.S. 2C:35–12, be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, during which the defendant shall be ineligible for parole. Notwithstanding the provisions of subsection a. of N.J.S. 2C:43–3, a fine of up to $300,000.00 may be imposed.

Other serious offenses under the act also contain mandatory periods of parole ineligibility. The controlling section governing mandatory penalties, wherever found in the act, is *N.J.S.A.* 2C:35–12, which requires that the court impose these mandatory penalties,

Unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement.

In this case the prosecutor has, by way of plea agreement, waived the mandatory period of parole ineligibility (albeit, not for reasons of cooperation with the prosecutor to secure information), but has not negotiated a sentence in compliance with a first degree offense. A first degree offense carries with it a term of 10– to 20–years imprisonment, *N.J.S.A.* 2C:43–6(a)(1), with a presumption of imprisonment, *N.J.S.A.* 2C:44–1(d).

■■ It is contended that the act not only permits the prosecutor to waive the mandatory period of parole ineligibility, but that the prosecutor may also relax the sentencing guidelines of the Code of Criminal Justice if the prosecutor and the defendant so agree. Support for this proposition is sought in *N.J.S.A.* 2C:35–12, which states,

that the plea agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, a specified period of parole ineligibility, a specified fine, or *other disposition.* [Emphasis supplied]

Interpretation of the phrase 'other disposition' is a matter of first impression. The sentence begins with a "term of imprisonment within the range of ordinary or extended sentences *authorized by law.*" Emphasis supplied. The Legislature has thus seen fit to make clear that any such term be in accordance with sentencing criteria authorized by law. Such verbiage is not to be considered as mere surplusage. See *Matter of Sussex County Mun. Utilities Authority,* 198 *N.J.Super.* 214 (App. Div.1985), quoting *Hackensack Bd. of Ed. v. Hackensack,* 63 *N.J.Super.* 560, 569 (App.Div.1960); *accord Gabin v. Skyline Cabana Club,* 54 *N.J.* 550, 555 (1969). The remainder of the sentence, which refers to other sentencing dispositions that may be included in the plea agreement, includes a period of parole ineligibility or a fine. It is clearly within the sentencing guidelines of the act to include, reduce or eliminate the period of parole ineligibility, as well as to assess a fine or not. The sentencing dispositions enumerated are all consistent with the sentencing guidelines of the code. Other dispositions that are similarly within the guidelines readily come to mind—for example, restitution, and dropping an offense one degree for sentencing purposes if the court makes the requisite findings. *See* *N.J.S.A.* 2C:44–1(f)(2); *State v. Merritt,* 230 *N.J.Super.* 211 (Law Div., 1988). The court accordingly applies the rule of statutory construction, *ejusdem generis,*

... that when general words ... follow specifically named things of a particular class ... the general words must be understood ... as limited to things of the same class, or at least of the same general character. [*Denbo v. Morrestown Twp.,* 23 *N.J.* 476 (1957) (quoting *Studerus Oil Co. v. Jersey City,* 128 *N.J.L.* 286 (Sup.Ct.1942)) ]

The phrase "other disposition" should be construed in light of the previously enumerated phrases, which are consistent with the sentencing guidelines of the code.

■ The official commentary of the Comprehensive Drug Reform Act (hereinafter referred to as the commentary) is an

official document produced by the New Jersey Legislature, and is thus part of the formal legislative history of the act. The commentary, in referring to a plea agreement under the act, states that

> a plea could remain silent as to any or all such terms and conditions, in which event the court would retain its discretion, subject only to the requirements of this act, to impose *any sentence deemed appropriate.* [at 161; emphasis supplied]

It can hardly be argued that "any sentence deemed appropriate" confers authority on the court to deviate from the sentencing guidelines of the code. The terminology "other disposition" should not afford the prosecutor the right to deviate from the sentencing criteria of the code. Such a significant change would have been spelled out by the Legislature in no uncertain terms, and not ignored in the commentary, which details the nature of each and every change wrought by the section. To release the most serious offenders under the act to non-custodial sentences without reference to the sentencing guidelines of the code, would eviscerate the legislative purposes of the act as detailed in the commentary, as well as uniformity in sentencing under the Code of Criminal Justice.

> The paramount goal of sentencing reform was greater uniformity, *State v. Roth, supra,* 95 *N.J.* [334] at 361 [ (1984) ]. As noted, to that end, the Code channels the discretion of sentencing judges in fixing the terms of sentences for offenses under that Code. [*State v. Yarbough,* 100 *N.J.* 627, 635 (1985) ].

It has further been held that:

> The appellate court may not relax the sentencing guidelines of the Code to benefit either a defendant or the State simply because the parties consented to do so in their plea agreement. [*State v. Sainz,* 210 *N.J.Super.* 17, 27 (App.Div. 1986), aff'd 107 *N.J.* 283 (1987) ].

The presumption of incarceration applies to a defendant who pleads guilty to a second degree crime, notwithstanding the terms of the plea agreement. *See, e.g., State v. O'Connor,* 105 *N.J.* 399, 405 (1987).

█ █   The commentary to the act, referring to the statutory provision of the code, states that,

> This act is not intended to overrule or supersede all current statutory or case law. Rather, this legislation embraces the penal code's general approach.... [at 13]

The court concludes that no grounds exist to support the imposition of a non-custodial term. *N.J.S.A.* 2C:44–1(d) provides that:

> The court shall deal with a person who has been convicted of a crime of the first or second degree by imposing a sentence of imprisonment, unless, having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.

The presumption of imprisonment adds further uniformity to the sentencing guidelines and serves to focus the court's attention on the severity of the crime. *State v. Gardner,* 215 *N.J.Super.* 84 (App.Div.1987); *State v. Hodge,* 95 *N.J.* 369 (1984).

It is a rare instance when this presumption is overcome:

> This standard is met only in 'truly extraordinary and unanticipated circumstances,' ... the exceptional case, that case where it can be said ... that 'the human cost of such deterrence in this instance is too great.' [*State v. Roth,* 95 *N.J.* 334, 358 (1984)].

The presumption cannot be overcome merely because defendant is a nice person or because the conviction shouldn't have happened to him. *State v. Roth, supra* at 368 (a community active person who had led a blameless life does not necessarily meet the standard). The condition of defendant or his situation must be of such a nature that it would be a grave injustice to incarcerate him. *Id.* at 359. *See also State v. Gerstofer,* 191 *N.J.Super.* 542 (App.Div.1983).

█ The presentence investigation report, in assessing the factors contributing to the pertinent offense, states that she did it because her boyfriend, Mario Portel (a government informer), put her up to it.

> The defendant stated that she committed the offense because she was falling in love with Mario Portel and because of the money he took from her relatives which he promised to pay back.

While love may be blind, the court is obliged to focus on the sentencing criteria of the code. As stated in *State v. Gerstofer, supra:*

> a sentencing judge would be myopic if he saw no more than the defendant before him and did not consider the need to deter such conduct by others. See *State v. Ivan,* 33 *N.J.* 197 (1960) [191 *N.J.Super.* at 547]

The court does not find a custodial sentence to be such a serious injustice to defendant, considering her character and condition, that it overrides the need to deter such conduct by others. The plea agreement is rejected.