NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1116-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SILVIA BRODRICK,

 Defendant-Appellant.

_______________________________________

 Telephonically argued May 23, 2017 –
 Decided September 20, 2017

 Before Judges Hoffman and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment
 No. 15-02-0321.

 Robert A. Honecker, Jr., argued the cause
 for appellant (Ansell Grimm & Aaron, PC,
 attorneys; Mr. Honecker, on the briefs).

 Monica do Outeiro, Assistant Prosecutor,
 argued the cause for respondent (Christopher
 J. Gramiccioni, Monmouth County Prosecutor,
 attorney; Ms. do Outeiro, of counsel and on
 the brief).

PER CURIAM
 Defendant Silvia Brodrick pled guilty to two counts of

second-degree fraudulent contracting, N.J.S.A. 2C: 21-34(b).

Consistent with the plea agreement, the court sentenced

defendant as a third-degree offender, and imposed a three-year

flat term of imprisonment on each count, to run concurrently.

Defendant now appeals her convictions and sentence. We affirm.

 I

 N.J.S.A. 2C:21-34(b) states in relevant part:

 A person commits a crime if the person knowingly makes
 a material representation that is false in connection
 with the negotiation, award or performance of a
 government contract. If the contract amount is for
 $25,000.00 or above, the offender is guilty of a crime
 of the second degree. . . .

During the plea colloquy, defendant admitted the following.

 From June 2010 through July 2011, defendant operated a day

care facility in Asbury Park. In 2010, on behalf of the day

care, defendant entered into a year-long contract with the

Asbury Park Board of Education (Board) to provide it with

services. The contract required the day care identify its

employees for the Board.

 Defendant informed the Board A.A. was employed as a

custodian; however, L.S. in fact rendered the services A.A. was

 2
 A-1116-15T4
hired to provide.1 Advised by defendant A.A. was a day care

employee, the Board conducted a background check on him, who was

"cleared." Not knowing he was in fact working at the day care,

the Board did not conduct a background check on L.S. During the

plea colloquy, defendant admitted the failure of a staff member

to undergo a background check was a breach of the day care's

contract with the Board.

 After the contract expired, in 2011 defendant entered into

another year-long contract with the Board. She admitted she

again made "that same misrepresentation" in the second contract;

specifically, even though L.S. was the custodian for the day

care, she informed the Board the custodian was A.A. She also

noted when the contracts were being implemented, she received

checks from the Board made payable to A.A.; however, she

deposited those checks and used the proceeds to pay L.S.

Defendant admitted she was guilty of making a material

misrepresentation to the Board about the custodian's identity.

Finally, she acknowledged the contract amount for each contract

exceeded $25,000.

1
 We employ the use of initials to protect the privacy of these
two individuals.
 3
 A-1116-15T4
 In addition to pleading guilty to two counts of violating

N.J.S.A. 2C:21-34(b)2, defendant agreed to enter into a consent

order prohibiting her or any business in which she is a

principal to submit a bid to or conduct any business with the

State or any of its political subdivisions for a term of twenty

years. In exchange, the State consented to recommend to the

court that it impose a prison term appropriate for a third-

degree crime, and that the term of imprisonment be four years on

each count.

 II

 On appeal, defendant asserts the following for our

consideration:

 POINT I – N.J.S.A. 2C:21-34(b) IS UNDULY
 OVERBROAD, FACIALLY VAGUE, AND VAGUE AS
 APPLIED TO THE DEFENDANT. THEREFORE, THE
 STATUTE MUST BE DEEMED UNCONSTITUTIONAL AND
 THE CONVICTION AND SENTENCE OF THE DEFENDANT
 MUST BE VACATED.

 A. N.J.S.A. 2C:21-34(b) is
 overbroad.

 B. N.J.S.A. 2C:21-34(b) is
 facially vague.

 C. N.J.S.A. 2C:21-34(b) is vague
 as applied.

 POINT II – THE LOWER COURT COMMITTED PLAIN
 ERROR IN ACCEPTING THE DEFENDANT'S PLEA

2
 Each count pertained to one of the two contracts.
 4
 A-1116-15T4
 BASED UPON AN INSUFFICIENT FACTUAL BASIS AS
 REQUIRED PURSUANT TO RULE 3:9-2.

 POINT III – THE LOWER COURT WAS CLEARLY
 MISTAKEN IN ITS EXERCISE OF DISCRETION AT
 THE SENTENCING PROCEEDINGS BELOW.

 POINT IV – THE PRINCIPLES OF FUNDAMENTAL
 FAIRNESS PERMIT VACATING THE CONVICTIONS IN
 THIS MATTER OR, ALTERNATIVELY, A REMAND FOR
 THE IMPOSITION OF A NON-CUSTODIAL SENTENCE.

 We do not address the arguments raised in Point I. These

contentions could have been but were not raised before the trial

court, and defendant did not reserve the right to appeal these

issues at the time of her plea. See R. 3:9-3(f). As we

observed in State v. Marolda, 394 N.J. Super. 430 (App. Div.),

certif. denied, 192 N.J. 482 (2007):

 A plea of guilty amounts to a waiver of all
 issues, including constitutional claims,
 that were or could have been raised in prior
 proceedings. Tollett v. Henderson, 411 U.S.
 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d
 235, 243 (1973) (explaining that "a guilty
 plea represents a break in the chain of
 events which has preceded" and holding that
 a defendant who "has solemnly admitted in
 open court that he is in fact guilty of the
 offense . . . may not thereafter raise
 independent claims relating to the
 deprivation of constitutional rights that
 occurred" before the plea was entered).

 [State v. Marolda, 394 N.J. Super. 430, 435
 (App. Div.), certif. denied, 192 N.J. 482
 (2007).]

 5
 A-1116-15T4
 Generally, Rule 3:9-3(f) "is directed to pretrial issues

such as the admissibility of statements, pretrial

identifications, and sound recordings, [but this rule] extends

to purely legal questions as well." State v. Vasquez, 129 N.J.

189, 194 (1992); see also Pressler & Verniero, Current N.J.

Court Rules, comment 7 on R. 3:9-3 (2017). There are exceptions

to the rule issues not raised before or reserved at the time of

a plea are waived, see R. 3:5-7(d), but none applies here.

Accordingly, we decline to consider the arguments in this point.

 Defendant next contends there was no factual basis to her

plea and, thus, the trial court erred in accepting it. We

disagree.

 On behalf of the day care, defendant entered into two,

year-long contracts with the Board to provide it with services.

The contract required the day care identify its employees.

Defendant knowingly misrepresented the custodian's true identity

twice, thwarting the Board's ability to conduct a criminal

background check on the employee who in fact performed services

for the day care.

 Defendant admitted she made a material misrepresentation to

the Board, and there is no question such misrepresentation was

made in connection with the award or performance of a government

contract. As for the grading of these two offenses, defendant
 6
 A-1116-15T4
acknowledged the amount of each contract exceeded $25,000. We

are satisfied there was an adequate factual basis for

defendant's plea, as required by Rule 3:9-2.

 Defendant also argues portions of the recording of the plea

proceeding were inaudible, and thus a remand is necessary "to

ensure that the factual basis in this matter was sufficient."

However, the trial court heard defendant's application to settle

the record of the plea proceeding. The only portion defendant

wanted settled was defendant's answer to one question. The

court ultimately agreed defendant's recollection of the answer

she provided was accurate, and entered an order on May 13, 2016,

correcting the record, accordingly. When we reviewed the

record, we read the answer to the subject question as corrected.

 Defendant next claims there was no support for imposing a

term of imprisonment because the mitigating factors outweighed

the one aggravating factor found by the court. Specifically,

the court found aggravating factor nine, N.J.S.A. 2C:44-

1(a)(9)(the need to deter defendant and others from violating

the law). The court also found the following mitigating

factors, see N.J.S.A. 2C:44-1(b): one (defendant's conduct did

not cause serious harm); two (defendant did not contemplate her

conduct would cause or threaten serious harm); six (defendant

compensated or was willing to compensate the victim); seven
 7
 A-1116-15T4
(defendant has no prior criminal record); eight (defendant's

conduct was the result of circumstances unlikely to recur, in

light of the terms of the consent order); and ten (defendant is

particularly likely to respond affirmatively to probationary

treatment).

 Although the mitigating factors outweighed the aggravating

ones, as the court noted, defendant was convicted of second-

degree offenses. Although the State recommended she be

sentenced as though the offenses were third-degree ones,

nevertheless, they remained second-degree offenses.

 There is a presumption of imprisonment for second-degree

offenses, even if the mitigating factors outweigh the

aggravating ones, unless "having regard to the character and

condition of the defendant, it is of the opinion that [her]

imprisonment would be a serious injustice which overrides the

need to deter such conduct by others." N.J.S.A. 2C:44-1(d). As

stated by our Supreme Court in State v. Jabbour, 118 N.J. 1

(1990):

 [T]he [Criminal] Code establishes a
 presumption of imprisonment applicable to
 first-and second-degree crimes unless,
 "having regard to the character and
 condition of the defendant, * * *
 imprisonment would be a serious injustice
 which overrides the need to deter such
 conduct by others." N.J.S.A. 2C:44-1d.

 8
 A-1116-15T4
 [However,] [t]he "serious injustice"
 exception to the presumption of imprisonment
 applies only in "'truly extraordinary and
 unanticipated circumstances.'" Roth, supra,
 95 N.J. at 358. Thus, the presumption is
 not overcome merely because the defendant is
 a first offender or because the mitigating
 factors preponderate over the aggravating
 factors. Id. at 368; State v. Kelly, 97 N.J.
 178, 219-20 (1984); State v. Gonzalez, 223
 N.J. Super. 377, 393 (App. Div.), certif.
 denied, 111 N.J. 589 (1988). Nor is the
 presumption overcome merely because the
 mitigating factors so outweigh the
 aggravating factors as to justify
 downgrading the offense. N.J.S.A. 2C:44-
 1f(2). In that setting, a trial court may
 reduce a prison term, but it still must
 imprison the defendant. Jarbath, supra, 114
 N.J. at 413; State v. Gerstofer, 191 N.J.
 Super. 542, 546 (App. Div.), certif. denied,
 96 N.J. 310 (1984). To avoid the
 presumption of imprisonment applicable to
 first- or second-degree offenses, the trial
 court must find that imprisonment would be a
 serious injustice that overrides the need to
 deter others. Rarely will general
 deterrence not be furthered by imprisonment
 for serious crimes. Jarbath, supra, 114
 N.J. at 408. To forestall the deterrent
 effect of incarceration, the defendant must
 be idiosyncratic. Ibid.

 [Id. at 6-7.]

 Citing Jabbour and decisional authority applying the above

principles, here, the trial court did not find defendant's

imprisonment met the "serious injustice" exception to the

presumption of imprisonment. The court noted:

 I find that the mitigating factors outweigh
 the aggravating factors. I'm not satisfied
 9
 A-1116-15T4
 that the standards of Jabbour . . . apply to
 the point where . . . this sentence will not
 serve any deterrent purpose.

 The legislature made this magnitude of a
 contract a second-degree offense and carries
 with it a presumption, and unless the legal
 standards are met to overcome [that]
 presumption, a prison sentence is warranted.

 Accordingly, . . . I hereby sentence the
 defendant to [the] New Jersey State prison
 for a period of three years.

 We are satisfied the trial court's sentencing decision is

supported by the facts and law, making it unnecessary we

intervene and to either adjust or remand this matter for

resentencing.

 We have examined defendant's remaining arguments and

conclude they are without sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(2).

 Affirmed.

 10
 A-1116-15T4