**Howard Eugene SAFRIT, Appellant,**

v.

**Sam P. GARRISON, Warden of Central Prison; Rufus Edmisten, Attorney General of the State of North Carolina, Appellees.**

No. 79–6504.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1980.

Decided June 11, 1980.

William L. Young, Greensboro, N. C. (Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., on brief), for appellant.

Richard N. League, Asst. Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of N. C., Thomas F. Ziko, Associate Atty. Gen., Raleigh, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

HAYNSWORTH, Chief Judge:

Safrit, a North Carolina prisoner, sought habeas corpus relief under 28 U.S.C. § 2254, alleging that he was resentenced to a harsher term in violation of the constitutional prohibition against double jeopardy. The district court denied relief, and Safrit appealed. We reverse and remand with instructions to issue the writ, releasing Safrit immediately.

Safrit entered a guilty plea to charges of armed robbery and breaking and entering in 1973, when he was fifteen years old. He was sentenced to an indeterminate term "as a youthful offender." Safrit apparently considered the judgment as a finding that he was sentenced as a committed youthful offender under North Carolina statutes then in effect. Committed youthful offenders, as opposed to "regular" youthful offenders, were to be housed separately from adult prisoners and were entitled to mandatory release on parole after serving four years.

After three years, Safrit was transferred from a youth camp to Raleigh Central Prison, where he was incarcerated with adults. Feeling that this transfer violated the conditions of his commitment, Safrit sought habeas corpus relief in the state court. A state judge found that the original sentence was unclear as to Safrit's status. Accordingly, he vacated the sentence and ordered Safrit returned to Rowan County for resentencing.

On September 20, 1976, a Rowan County judge held that the original intent was that Safrit be classified as a committed youthful offender and that he was so treated when

first incarcerated. The court sentenced Safrit to the same indeterminate term, specifying clearly that he was a committed youthful offender.

Safrit was transferred back to Raleigh Central Prison and again sought habeas corpus. On October 13, 1976, a third state judge vacated the September 20, 1976 sentence because an indeterminate sentence was impermissible under the committed youthful offender statutes and because the sentencing order contained two clerical errors. Again, Safrit was returned to Rowan County for resentencing.

On December 16, 1976, less than four months before Safrit's mandatory parole release date under the committed youthful offender statutes, a different Rowan County judge determined that Safrit would not benefit from committed youthful offender status, and ordered his imprisonment as a regular youthful offender for the same indeterminate sentence previously imposed.

After exhausting state remedies, Safrit sought habeas corpus relief in the district court. The court, while recognizing that the resentencing as a regular youthful offender constituted the imposition of a harsher imprisonment, rejected Safrit's contention that it violated the constitutional prohibition against double jeopardy.

The court relied upon *Robinson v. Warden, Maryland House of Correction*, 455 F.2d 1172 (4th Cir. 1972), which we find inapposite. In *Robinson*, a prisoner sought review of his sentences under a state statute specifically allowing a panel of three judges to increase or decrease one's sentence. This court rejected the contention that an increase in Mr. Robinson's sentence violated double jeopardy, noting that the increase was the result of a review made at the behest of the prisoner. The application for review in *Robinson* reopened the issue of the propriety of the sentence itself. The slate was wiped clean in that regard, allowing imposition of a harsher sentence. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ Here there was no request for such sweeping review. Safrit challenged only the place of his confinement, and did not attack the sentence itself. The district court erred in concluding that Safrit had reopened the issue of his status as a committed youthful offender.

■ The district court also treated the sentence as void, and thus held that it was subject to correction. It is clear, of course, that a void or illegal sentence may be corrected, even though the correction may result in an increase in the sentence. *See Breest v. Helgemoe,* 579 F.2d 95 (1st Cir. 1978).

■ The September 20, 1976 sentence was erroneous in imposing an indeterminate sentence and in two minor clerical respects. It was absolutely unequivocal, however, as to Safrit's status as a committed youthful offender. The original sentence had been unclear on this point, failing to make a finding which showed that the court had considered the issue. *See State v. Mitchell,* 24 N.C.App. 484, 211 S.E.2d 645 (1975). The September 20, 1976 sentence corrected this error by expressly finding that Safrit was a committed youthful offender. While that order was invalid in other regards, these other errors did not infect the finding regarding Safrit's status. That part of the order finding Safrit to be a committed youthful offender was neither void nor illegal. Thus on resentencing, it could not be changed to impose a harsher sentence. Such a change would violate the double jeopardy clause. *See United States v. Turner,* 518 F.2d 14 (7th Cir. 1975).

Because the finding that Safrit was a committed youthful offender was not set aside at Safrit's behest and was not void or illegal, it was not subject to vacation. As a committed youthful offender, Safrit was entitled to mandatory parole release on March 28, 1977. We reverse the judgment of the district court and remand the case with instructions to issue the writ compelling Safrit's release from custody immediately.

Our resolution of the double jeopardy issue makes it unnecessary for us to consider Safrit's argument that the resentencing violated due process.

REVERSED AND REMANDED WITH INSTRUCTIONS.