# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3160-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.J.C.,[1]

     Defendant-Appellant.

_____

Submitted October 12, 2022 – Decided October 26, 2022

Before Judges Rose and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Accusation No. 16-09-1025.

Joseph E. Krakora, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

---

[1] We use initials in accordance with Rule 1:38-3(c)(9).

PER CURIAM

Defendant R.J.C. appeals from a March 4, 2021 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was procedurally barred and otherwise lacked merit.

Pursuant to a negotiated plea agreement, on September 29, 2016, defendant pled guilty to second-degree sexual assault by touching the breasts of his eleven-year-old relative, N.J.S.A. 2C:14-2(b) (count one), and first-degree aggravated sexual assault by performing an act of cunnilingus on another relative, when the victim was under the age of thirteen, N.J.S.A. 2C:14-2(a)(1) (count two). Under the terms of the agreement, the State recommended sentencing defendant as a second-degree offender on count two, and an aggregate seven-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(a), Megan's Law, parole supervision for life, and an examination at the Adult Diagnostic Treatment Center (ADTC).

Prior to the sentencing hearing on February 3, 2017, plea counsel filed a memorandum urging the trial court to find mitigating factors seven, N.J.S.A. 2C:44-1(b)(7) (lack of a prior criminal record); eight, N.J.S.A. 2C:44-1(b)(8) ("defendant's conduct was the result of circumstances unlikely to recur"); eleven, N.J.S.A. 2C:44-1(b)(11) (imprisonment would cause hardship to

defendant's dependents); and twelve, N.J.S.A. 2C:44-1(b)(12) (defendant's willingness to cooperate with law enforcement). During the hearing, plea counsel also argued defendant's "character" warranted a finding of mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) (defendant's character indicates he "is unlikely to commit another offense").

The trial court found aggravating factors one, N.J.S.A. 2C:44-1(a)(1) (the nature of the offense and whether "it was committed in an especially heinous, cruel, or depraved manner"); two, N.J.S.A. 2C:44-1(a)(2) (the gravity of the harm in view of the victim's vulnerability, including her youth); three, N.J.S.A. 2C:44-1(a)(3) (risk of reoffending); and nine, N.J.S.A. 2C:44-1(a)(9), (deterrence). The court also found mitigating factors seven and eleven, but rejected mitigating factors eight, nine, and twelve. Concluding "the aggravating factors substantially outweigh[ed] the mitigating factors," the trial court sentenced defendant in accordance with the State's recommendations. A judgment of conviction was entered that same day.

Defendant did not appeal from his convictions or sentence. The following month, on March 17, 2017, defendant filed a timely pro se PCR petition alleging plea counsel was ineffective for failing to: provide discovery; utilize a Spanish-English interpreter; and conduct a proper investigation. Defendant's PCR

counsel filed a supplemental brief addressing these claims. The PCR judge denied defendant's petition without a hearing, and we affirmed. State v. R.J.C., No. A-2397-17 (App. Div. Feb. 11, 2019).

On January 2, 2020, defendant filed a second pro se PCR petition challenging his plea counsel's effectiveness on different grounds from those raised in his first petition. In a supplemental brief, a new PCR attorney honed defendant's pro se assertions, raising a single point that challenged plea counsel's representation at sentencing in two limited ways.

Defendant first contended plea counsel failed to argue substantial grounds excused his conduct under mitigating factor four, N.J.S.A. 2C:44-1(b)(4). Referencing his interview with the probation officer who prepared the presentence report, defendant claimed he was "under the influence at the time of the instant offense." Defendant also cited the ADTC report, which reflected defendant was diagnosed as "compulsive."[2]

Defendant further contended plea counsel failed to argue against application of aggravating factor two. Emphasizing the trial court improperly considered "the impact that the crime has had on two very young victims,"

_____

[2] According to the ADTC report, "[defendant]'s behavior me[t] the criteria for repetition but not compulsion."

defendant argued the judge impermissibly double counted an element of the offenses because the "age of the victims is encompassed in the punishment for these crimes."

Defendant claimed that but for plea counsel's errors "it is possible" the trial court would have sentenced defendant to a five-year prison term, the lowest end of the second-degree range under N.J.S.A. 2C:43-6(a)(2). Defendant sought a remand for resentencing.

The judge assigned to defendant's second PCR petition was the same judge who denied defendant's first petition. Following oral argument on March 1, 2021, the PCR judge reserved decision. On March 4, 2021, the judge issued a detailed written decision, addressing the standards of review for PCR, including the procedural bars under the governing law. However, the judge did not address the procedural bars as they applied to defendant's second petition. Instead, the judge analyzed defendant's substantive claims through the prism of the well-established two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

The PCR judge rejected defendant's mitigating factor four argument. Citing our decisions in State v. DeLuca, 325 N.J. Super. 376 (App. Div. 1999),

and State v. Towey, 244 N.J. Super. 582 (App. Div. 1990), the judge first found "alcohol consumption does not excuse [defendant's] behavior and most certainly does not detract from the seriousness of the crime[s] he committed." See Deluca, 325 N.J. Super. at 392 (holding "[t]he trial judge properly refused to consider [the] defendant's intoxication as a mitigating factor"). Nor was the PCR judge persuaded that the ADTC report supported a finding that defendant "suffer[ed] from any serious mental illness" that would otherwise warrant the application of mitigating factor four. Cf. State v. Hess, 207 N.J 123, 149-50 (2011) (holding trial counsel was ineffective for failing to argue the defendant suffered from battered women's syndrome in mitigation of sentence).

The PCR judge also concluded defendant's argument was belied by the record. The judge noted the trial court expressly stated it had not considered the age of the victims in finding aggravating factor two. Instead, the trial court was persuaded by the impact of the offenses on their lives, as articulated by the first victim during the sentencing hearing.

The judge issued a memorializing order the same day, denying defendant's second PCR petition. This appeal followed.

On appeal, defendant raises a single point, reprising the same contentions asserted before the PCR judge:

TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO ARGUE FOR THE APPLICATION OF MITIGATING FACTOR FOUR AND FOR FAILING TO OBJECT TO THE APPLICATION OF AGGRAVATING FACTOR TWO

The State counters – for the first time in its responding brief on appeal – defendant's petition failed to satisfy the substantive requirements of Rule 3:22-4(b) and was untimely under Rule 3:22-12(a)(2). Alternatively, the State argues the PCR judge properly denied ineffective assistance of counsel claims.[3]

Our analysis of the issues raised on appeal is guided by a review of the relevant provisions of the two court rules that explicitly apply to a second or subsequent PCR. Although the State did not raise the procedural bar before the PCR court, we have held the PCR court "has an independent, non-delegable duty to question the timeliness of [a first PCR] petition." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). We discern no reason why that duty would not apply to the PCR court's consideration of a second or subsequent PCR petition.

---

[3] As part of its responding argument, the State claims the trial court's assessment of aggravating and mitigating factors cannot be attacked on PCR unless the sentence is illegal. See e.g., State v. Acevedo, 205 N.J. 40, 45-46 (2011). We do not disagree. However, a defendant may assert on PCR trial counsel's failure to adequately represent him at sentencing by, for example, failing to argue factors in mitigation of the defendant's sentence. See Hess, 207 N.J at 149-50.

Rule 3:22-4(b) places strict limitations on second and subsequent petitions for PCR. The Rule compels dismissal of a subsequent PCR petition unless the defendant can satisfy the time requirement under Rule 3:22-12(a)(2), and alleges the following grounds for relief:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [R. 3:22-4(b).]

In turn, Rule 3:22-12(a)(2) imposes a time limitation for subsequent PCR petitions. Under the Rule, a second or subsequent petition for PCR must be filed within one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

[R. 3:22-12(a)(2).]

A 2009 amendment to the Rule makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable. See R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018); see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).

Application of these rules makes plain defendant's second PCR petition was procedurally barred. The claims raised in defendant's second PCR petition do not rely on new legal authority; were discoverable on defendant's February 3, 2017 sentencing hearing; and do not challenge the effectiveness of his PCR

9

attorney.  <u>R.</u> 3:22-4(b).  Because defendant failed to satisfy the time requirement under <u>Rule</u> 3:22-12(a)(2) and failed to establish any of the grounds asserted in <u>Rule</u> 3:22-4(b), the PCR court should have dismissed his petition.

Because the State did not raise the procedural bar before the PCR court, however, we have considered the merits of defendant's contentions in view of the governing law.  Having done so, we conclude those contentions lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).  We affirm substantially for the reasons articulated by the PCR judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3160-20